UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

**JENNIFER JOHNSON**,

                Plaintiff,

      – against –

**MAXIMUS SERVICES LLC**,

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

22-CV-2935 (AMD) (JRC)

**ANN M. DONNELLY**, United States District Judge:

      On May 16, 2022, the plaintiff Jennifer Johnson filed this *pro se* civil action, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. (ECF No. 1.) The plaintiff's submission includes an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the plaintiff is directed to pay the $402 filing fee to proceed with this action.

      Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. The purpose of Section 1915 is to ensure that indigent persons have equal access to the judicial system. *See Davis v. NYC Dep't of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted); *see also Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A litigant qualifies to proceed IFP if she "cannot because of [her] poverty pay or give security for" the costs of filing "and still be able to provide [herself] and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district

court. *See Pinede v. NYC Dep't of Envtl. Prot.*, No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013).

The plaintiff's financial declaration form does not clearly show that she cannot pay the Court's filing fee to commence this action. The application states that she is currently employed and receives a weekly salary of $360.00. (ECF No. 2 at 1.) The plaintiff has $2,489.00 in a checking or savings account. (*Id.* at 2.) Her monthly expenses include $578.00 for a personal loan, $1,651.00 for a mortgage, $478.00 for condominium maintenance, $95.00 for utilities and $201.00 for cellular and internet service. (*Id.*) She also states that she pays about $2,000.00 in monthly credit card charges. (*Id.*) Nevertheless, because the plaintiff has $2,489.00 in a checking or savings account, the Court finds that her IFP application does not demonstrate that she is unable to pay the filing fee.

Within 14 days of the entry of this order, the plaintiff must pay the $402 filing fee to proceed with this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       June 3, 2022