```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JENNIFER JOHNSON,                                             :
                                 Plaintiff,                   :
                                                              :   MEMORANDUM AND ORDER
            – against –                                       :   22-CV-2935 (AMD) (JRC)
                                                              :
MAXIMUS SERVICES LLC,                                         :
                                                              :
                                 Defendant.                   :
------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, proceeding *pro se*, filed a complaint on May 16, 2022, challenging the defendant's Covid-19 safety protocols under the Americans with Disabilities Act ("ADA"). (ECF No. 1.) On September 20, 2022, the plaintiff filed an amended complaint. (ECF No. 17-1.) On August 30, 2023, the Court dismissed the amended complaint with prejudice as collaterally estopped and for failure to state a claim. (ECF No. 31 at 12.) The plaintiff now moves to vacate that order. (ECF No. 33.) For the reasons that follow, the motion is denied.

In the amended complaint, the plaintiff argued that the defendant applied its Covid-19 policy "in a discriminatory fashion by identifying distinct groups of employees, such as those who are 'vaccinated' and those who are 'unvaccinated' and treating them differently." (ECF No. 31 at 2.) She also argued that the defendant took "adverse employment actions" against her, including suspension and termination, even though she was engaged in the protected activity of refusing in good faith to participate in the Covid-19 Policy." (*Id.* at 2–3 (cleaned up).) The Court dismissed those claims, because the plaintiff had previously brought identical claims against another employer. (*See id.* at 4–7 (citing *Johnson v. Mount Sinai Hospital Group, Inc.*, No. 22-CV-2936, 2023 WL 2163774, at *7 (E.D.N.Y. Feb. 22, 2023)).) Alternatively, the Court

held that she could not state a claim for discrimination under the ADA, because her refusal to get vaccinated was "a personal choice" and not "a disability under the ADA." (*Id.* at 7 (citation omitted).) Moreover, she did not suffer any discrimination, because the defendant's policy applied equally to all employees. (*Id.*) Nor could she state a retaliation claim, because the defendant adopted its Covid-19 policy before the plaintiff engaged in any protected activity. (*Id.* at 9.) And in any event, as the plaintiff conceded, she was subjected to the alleged "adverse employment actions" because she refused to comply with the Covid-19 policy, not because she opposed it. (*Id.*)

The plaintiff also argued that the defendant declined to conduct an "individualized assessment" to determine whether her refusal to get vaccinated or to be tested posed a "direct threat;" that the defendant's policy called for prohibited medical inquiries and examinations under the ADA; and that the policy violated the ADA's confidentiality provisions. (*Id.*) The Court dismissed those claims because the plaintiff did not "allege facts showing that she [was] an individual with a disability"—a prerequisite for pleading two of the claims—and because none of the defendant's requirements was "likely to elicit information about a disability," among other reasons. (*Id.* at 9–11.)

Although federal courts should "liberally permit pro se litigants to amend their pleadings," *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016), the Court nevertheless denied the plaintiff's amended complaint with prejudice, because she had "already amended her complaint once in this case, and she can plead no facts that would overcome the legal deficiencies discussed" in the August 30, 2023 order. (ECF No. 31 at 12.)

A plaintiff may ask the Court to reconsider or vacate its order under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Shearard v. Geithner*, No. 09-CV-963, 2010 WL

2243414, at *1 (E.D.N.Y. May 30, 2010.) The standards for relief under the two rules are nearly identical. *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09-CV-9790, 2013 WL 498812, at *1 (S.D.N.Y. Feb. 11, 2013). A plaintiff's motion may be granted "only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hollander v. Members of the Bd. of Regents of the Univ. of the State of New York*, 524 F. App'x 727, 729 (2d Cir. 2013) (discussing Rule 59(e)) (cleaned up); *see also Polanco v. United States*, Nos. 14-CV-1540 & 11-CR-2, 2017 WL 4330373, at *1 (S.D.N.Y. Sept. 27, 2017) (Rule 60(b) allows the court to relieve a party from a final judgment based on a mistake, newly discovered evidence or upon a showing of "extraordinary circumstances" (citations omitted)). These motions are "extraordinary remed[ies] to be employed sparingly in the interests of finality and conservation of scarce judicial resources," and will not be granted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-CV-3859, 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (citations omitted).

      The plaintiff is not entitled to relief under any of these rules, because she has not demonstrated that the Court overlooked any legal or factual issue that would have altered its decision, nor has she identified any extraordinary circumstances that would justify relief from the August 30, 2023 order. First, she argues that the application of collateral estoppel was improper because the two "cases have different defendants and different sets of facts, and [she] has every right to sue a different employer for the same reasons." (ECF No. 33 at 2.) The Court considered and rejected that argument. (*See* ECF No. 31 at 6–7 (acknowledging that "this case

differs from a typical collateral estoppel case" but finding that the doctrine nevertheless applied because the "the resolution of the claims hinge[d] on the same legal issues and nothing more" (cleaned up)).)

In any event, the Court also rejected the plaintiff's claims on the merits. In her motion to vacate, the plaintiff merely repeats the same merits arguments the Court has already considered in dismissing her amended complaint. Vacatur is therefore denied. *See Tanner v. MTA Long Island R.R.*, No. 22-CV-9831, 2023 WL 2889456, at *1–3 (S.D.N.Y. Apr. 10, 2023) (denying a Rule 59(e) motion where the plaintiff did not demonstrate that the Court "overlooked any controlling decisions or factual matters," and a Rule 60(b) motion where the plaintiff did not demonstrate "extraordinary circumstances exist[ed]" to warrant relief); *Pickering-George v. Gazivoda Mgmt. LLC*, No. 22-CV-10397, 2023 WL 1466634, at *1–2 (S.D.N.Y. Feb. 1, 2023) (same); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 11466792, at *1–2 (E.D.N.Y. Mar. 29, 2018) (same).

## CONCLUSION

The plaintiff's motion to vacate the Court's August 30, 2023 order is denied. The case remains closed.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　s/Ann M. Donnelly
　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　ANN M. DONNELLY
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: Brooklyn, New York
　　　　October 10, 2023

4